IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEITH DONALD GOLDBLUM,

               Petitioner,      :      Case No. 3:16-cv-254

   - vs -                                District Judge Walter Herbert Rice
                                                Magistrate Judge Michael R. Merz
WARDEN, Chillicothe Correctional
Institution

                                      :

               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections[1] (ECF No. 24) to the Magistrate Judge's Report and Recommendations recommending that the Petition for Writ of Habeas Corpus be dismissed with prejudice (ECF No. 16). Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 25).

Mr. Goldblum pleaded seven Grounds for Relief, but objects as to the proposed disposition only of Grounds One, Two, and Seven.

**Petitioner Procedurally Defaulted in Grounds One and Two to the Ohio Courts**

Mr. Goldblum's first two grounds for relief are the subject of his first objection. He pleaded:

---
[1] Docketed under the title "Reply."

1

> **GROUND 1:** Petitioner's due process rights were violated under the 14th Amendment based on insufficient evidence in Counts One, Two, and Three.
>
> **Supporting Facts:** There were no witnesses and no evidence of invasion of privacy. There was no secretive or surreptitious activity. There was no evidence, including testimony, of the element, "for the purpose of sexually arousing or gratifying (one's) self."
>
> **GROUND 2:** Petitioner's due process rights were violated under the 14th Amendment based on insufficient evidence in Counts 4 and 6-14.
>
> **Supporting Facts:** There was no physical or psychological evidence of abuse; no blood, no injury, no DNA, no psychological markers of abuse. There were no complaints before the February 18, 2011, allegation. The physical condition limitations of the petitioner on February 18, 2011, were inconsistent with the alleged act. There were no witnesses to the allegedly hundreds of assaults over many years, always in the presence of at least one other, including co-complainants.

(Petition, ECF No. 1, PageID 5-7.)

The Warden asserted these two Grounds for Relief were procedurally defaulted because they had not been presented to the Ohio Supreme Court on direct appeal (Return of Writ, ECF No. 8, PageID 1777-78). In his Reply Goldblum conceded this default but argued it was excused because his conviction is a miscarriage of justice (Reply, ECF No. 15, PageID 1801). The Report found that Mr. Goldblum had presented no new evidence of actual innocence, but instead was requesting the Court to review the evidence presented at trial *Jackson v. Virginia*, 443 U.S. 307 (1979), and find it is insufficient. *Id.* at PageID 1802.

The Report rejected this argument, concluding that under Supreme Court precedent there was no separate "fundamental miscarriage of justice" exception to procedural default doctrine, but that this label was synonymous for the actual innocence gateway exception recognized in *Schlup v. Delo*, 513 U.S. 298 (1995) and required presentation of "new reliable evidence --

2

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005), quoting *Schlup*, 513 U.S. at 324 (Report, ECF No. 16, PageID 1810-11).

In his Objections, Goldblum cites Justice O'Connor's use of the phrase "fundamental miscarriage of justice" in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). He says nothing about the later Supreme Court decisions cited in the Report which clarify that the miscarriage of justice exception to procedural default requires a strong showing of actual innocence (Report, ECF No. 16, PageID 1810-11, citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Calderon v. Thompson*, 523 U.S. 538 (1998); and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Goldblum does not dispute the Report's conclusion that he presents no new evidence as that term is explained in *Schlup*.

Goldblum next argues his claim of insufficient evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979)(Objections, ECF No. 24, PageID 1834-35). If this Court could reach that claim, it would not review it de novo, but only after deference to the finding of the trial jury. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(per curiam); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The Second District's opinion on direct appeal, quoted at length in the Report, summarizes the direct testimony of all the victims as to Goldblum's acts of sexual misconduct (Report, ECF No. 16, PageID 1808-09, quoting *State v. Goldblum*, 2014-Ohio-5068, 2014 Ohio App. LEXIS 4932 (2nd Dist. Nov. 14, 2014). The absence of physical evidence was certainly available to Goldblum to argue to the jury, but that is a weight of the evidence argument. Direct testimony from victims is sufficient evidence on which to convict.

**Petitioner Was Not Denied A Fair Trial by the Refusal to Sever**

Mr. Goldblum also objects to the proposed dismissal of Ground Seven which reads:

> **GROUND 7:** Petitioner's due process rights were violated under the 6th and 14th Amendments with the trial court reversal of its prior decision for severance.
>
> **Supporting Facts:** The trial court established that the risk of prejudice to the petitioner of joinder was "extreme" in sustaining petitioner's motion to sever. That prejudice remained when the court reversed itself. The trial court's "decision/entry and order" is a final, appealable order, thus not subject to a motion for reconsideration and subsequent reversal. The State's late filing of its motion for reconsideration was in violation of Ohio's criminal rules and not supported by "good cause" exception. The jury was unable to make a simple and direct evaluation of the indictments regarding each alleged victim individually.

The Report noted that this Ground for Relief had two sub-claims. In the first of these, Mr. Goldblum argued the trial court violated Ohio law when it reconsidered its decision to sever the counts as they related to separate victims. The Report noted that this was a question of Ohio law which the Second District had resolved against Petitioner and which this Court had no authority to reconsider (Report, ECF No. 16, PageID 1812-13). Petitioner makes no objection on this point.

The Report also noted that the Second District had affirmed the trial court on the constitutional question presented by joinder in this case and concluded its decision was neither contrary to nor an objectively unreasonable application of Supreme Court precedent. In particular, the Report relied on *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007), which in turn relied on *Spencer v. Texas*, 385 U.S. 554 (1967), and *Marshall v. Lonberger*, 459 U.S. 422 (1983)(Report, ECF No. 16, PageID 1816-17).

In his Objections, Mr. Goldblum relies on the Report and Recommendations of the undersigned in *Howard v. Richard*, Case No. 1:12-cv-867, 2014 WL 358424 (S.D. Ohio Jan. 31,

2014), as setting the standard for review of a constitutional misjoinder claim (Objections, ECF No. 24, PageID 1836). That Report relied, as does the Report here, on *Davis*, *Spencer*, and *Marshall*. The only other citation in the Objections is to the trial judge's original determination to sever the victims from one another. But the trial judge reversed himself and the court of appeals found he was correct to do so. Goldblum offers no further argument as to how the appellate decision is contrary to *Spencer* or *Marshall*.

The test on habeas review is not whether the state court was correct in its constitutional decision, but whether the decision was objectively unreasonable. To overturn a state court decision on a relevant constitutional question, a habeas petitioner must show "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Wheeler*, 577 U.S. ___, 136 S. Ct. 456, 193 L. Ed. 2d 384 (2015)(per curiam), *quoting White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014), *quoting Harrington v. Richter*, 562 U.S. 86, 103 (2011). Mr. Goldblum has not met that standard.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends the Petition be DISMISSED WITH PREJUDICE. Petitioner has not presented any objection specific to the recommendation that a certificate of appealability be DENIED nor has any doubt on that score arisen sua sponte. Therefore, because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should

certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 16, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).