IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH DONALD GOLDBLUM,

    Petitioner,

v.

WARDEN, Chillicothe Correctional Institution,

    Respondent.

:
:
:
:
:
:

Case No. 3:16-cv-254

JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL R. MERZ

---

DECISION AND ENTRY OVERRULING PETITIONER KEITH DONALD GOLDBLUM'S OBJECTIONS (DOC. #24, 27) TO THE REPORT AND RECOMMENDATIONS (DOC. #16) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #26) OF MAGISTRATE JUDGE MICHAEL R. MERZ; ADOPTING SAID REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE IN FULL; OVERRULING GOLDBLUM'S MOTION FOR EVIDENTIARY HEARING (DOC. #24) AND DISMISSING WITH PREJUDICE GOLDBLUM'S PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF *HABEAS CORPUS* BY A PERSON IN STATE CUSTODY (DOC. #1); GOLDBLUM IS DENIED A CERTIFICATE OF APPEALABILITY; ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND SHOULD NOT BE PERMITTED TO PROCEED *IN FORMA PAUPERIS*; JUDGMENT SHALL ENTER IN FAVOR OF RESPONDENT WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION AND AGAINST GOLDBLUM; TERMINATION ENTRY

---

Petitioner Keith Donald Goldblum ("Goldblum") has filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody ("Petition"), Doc. #1, against Respondent Warden, Chillicothe Correctional Institution ("The Warden"). In the Petition, Goldblum raised eight Grounds for Relief, three of which are before the Court. In Grounds One and Two, Goldblum claims that the evidence presented at trial was legally insufficient to support the guilty verdicts returned against

him. Doc. #1, PAGEID #5-8. In Ground Seven, Goldblum argues that his right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution were violated when Montgomery County, Ohio, Court of Common Pleas ("Trial Court") Judge Michael L. Tucker reversed his decision to sever the trials as to each accuser, instead ordering that Goldblum stand trial as to all of his alleged victims simultaneously. *Id.*, PAGEID #15-16. Pending before the Court, pursuant to Rule 72(b), are: (1) the Petition, Doc. #1; (2) Magistrate Judge Michael R. Merz's Initial Report and Recommendations, Doc. #16; (3) Goldblum's Objections to the Initial Report and Recommendations ("Initial Objections"), Doc. #24; (4) the Magistrate Judge's Supplemental Report and Recommendations, Doc. #26; and (5) Goldblum's Objections to the Supplemental Report and Recommendations ("Supplemental Objections"). Doc. #27. Additionally, in the same document as his Initial Objections, Goldblum filed a Motion for Evidentiary Hearing. Doc. #24, PAGEID #1830.

Based upon the reasoning and citations set forth in the Reports and Recommendations, as well as upon a thorough *de novo* review of the file, the parties' memoranda and the applicable law, this Court OVERRULES Goldblum's Motion for Evidentiary Hearing ("Motion"), ADOPTS IN FULL the Initial and Supplemental Reports and Recommendations of the Magistrate Judge, OVERRULES Goldblum's Objections thereto and DISMISSES WITH PREJUDICE Goldblum's Petition.

I. **PROCEDURAL HISTORY AND REPORTS AND RECOMMENDATIONS**

On May 4, 2012, a Grand Jury in Montgomery County, Ohio, indicted Goldblum on seventeen counts of voyeurism, attempted voyeurism, rape, and unlawful sexual

contact, involving several minors. Doc. #7, PAGEID #34-40. On September 25, 2012, Goldblum filed a Motion to Sever Counts ("Motion to Sever"), arguing that he was entitled to separate trials as to Count One (unnamed victim), Counts Two and Three (M.W.), Counts Four through Ten (R.D.), and Counts Eleven through Seventeen (N.D.). *Id.*, PAGEID #44, 63. Goldblum argued that each of those counts involved unrelated alleged occurrences with a separate minor, and that "testimony of each alleged victim with respect to other charge[s] is clearly evidence of other bad acts that does not serve the other purposes delineated in [Ohio] Rule [of Evidence] 404(B)[.]" *Id.*, PAGEID #46.[1] On January 11, 2013, Judge Tucker sustained Goldblum's Motion to Sever, finding that "the danger is high . . . that a jury will use one victim's testimony as corroborative evidence of the allegations relating to the other victims." *Id.*, PAGEID #70.

However, Plaintiff, the State of Ohio ("the State"), filed a Motion to Reconsider, bringing to the Trial Court's attention *State v. Williams*, decided by the Supreme Court of Ohio after briefing was complete on the Motion to Sever. In *Williams*, the Supreme Court of Ohio held that evidence of other inappropriate sexual acts against minors "was admissible" under Rule 404(B) "to show that Williams had a plan to target, mentor, and groom teenage boys for sexual activity[.]" Doc. #7, PAGEID #73-74 (citing 134 Ohio St. 3d 521, 2012-Ohio-5695, 983 N.E.2d 1278). The State argued that Goldblum's acts, and the circumstances under which he undertook those acts, were identical as to all four victims; thus, the State claimed, the victims' testimony was admissible to show Goldblum's common plan and specific intent. *Id.*, PAGEID #74 (citing Ohio R. Evid.

---

[1] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake[.]" Ohio R. Evid. 404(B)

404(B)). On April 12, 2013, the Trial Court sustained the State's Motion to Reconsider, and ordered Goldblum to face trial simultaneously as to "all alleged victims and all counts[.]" *Id.*, PAGEID #106.

The State dismissed three of the charged counts prior to the start of trial and one count prior to the jury beginning deliberations. Doc. #7, PAGEID #108, 111. On July 1, 2013, Goldblum was found guilty on all thirteen remaining counts, *id.*, PAGEID #113-14, and on July 17, 2013, was sentenced to twenty-one years in prison. *Id.*, PAGEID #116-20, 364-67. Goldblum appealed his conviction, detailing eight Assignments of Error, *id.*, PAGEID #122, 125, and on November 14, 2014, the Second District Court of Appeals overruled all eight Assignments and affirmed his conviction. *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068 (Nov. 14, 2014). Goldblum then filed an appeal with the Supreme Court of Ohio. Doc. #7, PAGEID #269. However, in his Memorandum in Support of Jurisdiction, Goldblum raised only two Propositions of Law: (1) that the Trial Court misapplied Rule 404(B) and *State v. Williams* in sustaining the State's Motion for Reconsideration; and (2) that the Trial Court's order sustaining Goldblum's original Motion to Sever was a final order, thus rendering null its subsequent order sustaining the Motion for Reconsideration. *Id.*, PAGEID #272. The Supreme Court of Ohio declined to accept jurisdiction on June 24, 2015. *State v. Goldblum*, 142 Ohio St. 3d 1517, 2015-Ohio-2341, 33 N.E.3d 65 (TABLE).

Goldblum filed the instant Petition *pro se* on June 20, 2016, Doc. #1, but retained counsel prior to filing his traverse. Doc. #9; Doc. #15. On April 6, 2017, the Magistrate Judge issued an Initial Report and Recommendations, recommending that: Goldblum's Petition be overruled as to all seven Grounds for Relief; Goldblum be denied a

certificate of appealability; and this Court certify to the U.S. Court of Appeals for the Sixth Circuit "that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*." Doc. #16, PAGEID #1818. The Magistrate Judge concluded that Grounds One through Five, which did not pertain to the Trial Court's decisions on the Motion to Sever or Motion for Reconsideration, were procedurally defaulted due to Goldblum's failure to raise the Grounds in his direct appeal to the Supreme Court of Ohio. *Id.*, PAGEID #1810-11. As to Ground Six—cumulative errors at trial which, taken together, violated Goldblum's constitutional rights—the Magistrate Judge concluded that such a claim is not cognizable as part of a *habeas corpus* petition. *Id.*, PAGEID #1812 (citing *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)). As to Ground Seven, the Magistrate Judge concluded that the Trial Court did not err in ultimately refusing to sever the trials, as: (a) even if the trials had been severed, the testimony from the alleged victims would have been admissible in each trial as evidence of *modus operandi*; and (b) Ohio Rule of Criminal Procedure 8(A) "permits joinder when the 'other acts' evidence would be admissible in any event." *Id.*, PAGEID #1817-18 (citing Ohio Rev. Code § 2945.59; Ohio R. Evid. 404(B)).

On May 12, 2017, Goldblum filed his Initial Objections and Motion for Evidentiary Hearing. Doc. #24. Goldblum objected only to the Magistrate Judge's recommendations as to Grounds One, Two and Seven. On May 26, 2017, the Magistrate Judge issued the Supplemental Report and Recommendations, again recommending that Goldblum's Petition be dismissed. Doc. #26. However, he did not rule on Goldblum's Motion for Evidentiary Hearing. On May 30, 2017, Goldblum filed

Supplemental Objections to the Supplemental Report and Recommendations and renewed his Motion for Evidentiary Hearing. Doc. #27. The Warden filed a memorandum in opposition to Goldblum's Motion, Doc. #28, to which Goldblum filed no reply.

## II. LEGAL STANDARD

The Court "must determine *de novo* any part of the [M]agistrate [J]udge's disposition <u>that has been properly objected to</u>. The [Court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Fed. R. Civ. P. 72(b)(3) (emphasis added). Failure to object in a timely manner to any portion of a Report and Recommendations constitutes a waiver of a party's ability to appeal this Court's ultimate ruling and judgment. *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007); *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Accordingly, the Court will not review any portion of the Initial or Supplemental Report and Recommendations that was not specifically objected to in the Initial or Supplemental Objections, respectively.

## III. ANALYSIS

### A. First and Second Grounds for Relief

In the Initial Report and Recommendations, the Magistrate Judge noted that, as discussed above, Grounds One through Five were not appealed to the Supreme Court of Ohio. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default, which, in turn, generally bars federal *habeas corpus* review on that issue. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144

6

L.Ed.2d 1 (1999); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). The sole exceptions to the procedural default rule are: (1) good cause for failing to present a ground for relief to the state supreme court, which Goldblum does not argue exists in this case; and (2) upholding the conviction would constitute a "miscarriage of justice." To meet the latter rule, a petitioner must make a "strong showing of actual innocence." Doc. #16, PAGEID #1810-11 (citing *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004); *Calderon v. Thompson*, 523 U.S. 538, 557-58, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)). In the Initial Report and Recommendations, the Magistrate Judge concluded that because Goldblum presented "no new evidence – evidence not presented at trial – of actual innocence[,] . . . he is unable to overcome his procedural default" as to Grounds One and Two. *Id.*, PAGEID #1811.

In his Initial Objections, Goldblum does not argue that any new evidence exists that demonstrates his actual innocence. Rather, he claims that the "miscarriage of justice" standard also encompasses situations in which the evidence presented by the government was insufficient for any rational trier of fact to be convinced beyond a reasonable doubt that a defendant is guilty. Doc. #24, PAGEID #1831, 1834 (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Schlup v. Dalo*, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68 (1995); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Goldblum argues that such a situation exists in his case, noting that, as to the accusers, "there was no DNA evidence, no results of physical examinations, [or] psychological evaluations, other than

interviews at the CareHouse in Dayton, Ohio, interviews by a school principal, school counselor and police officers, all in the spring of 2011." *Id.*, PAGEID #1834. Goldblum claims that, absence any such evidence, the only evidence upon which the jury could convict him was the direct testimonies of the alleged victims, which he argues were uncorroborated, contradictory, and insufficient to support a conviction. *Id.*, PAGEID #1834-35 (citing *Williams v. Illinois*, 567 U.S. 50, 76 n.8, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012); *Jackson*, 443 U.S. at 316). Thus, Goldblum claims, the Trial Court committed clear error in not directing a judgment of acquittal in his favor, Ohio R. Crim. P. 29, and he is entitled to a writ of *habeas corpus* as to Grounds One and Two irrespective of his procedural default. *Id.*, PAGEID #1835.

As the Magistrate Judge correctly concluded in the Supplemental Report and Recommendations, Goldblum's argument mischaracterizes the law as to procedural default. Doc. #26, PAGEID #1841. While *Murray* held that a petitioner who failed to exhaust state court remedies could nonetheless satisfy the "cause and prejudice" standard for *habeas corpus* relief by showing a "fundamental miscarriage of justice," 477 U.S. at 495-96, subsequent Supreme Court decisions clarified that "fundamental miscarriage of justice" is synonymous with "actual innocence," evidence of which was not previously raised at trial. Doc. #26, PAGEID #1841 (citing *Dretke*, 541 U.S. at 393; *Sawyer*, 505 U.S. at 339). As Goldblum has presented no such evidence, he has not shown good cause for his procedural default, and this Court lacks jurisdiction to review Grounds One and Two.[2]

---

[2] Moreover, even if the Court accepted Goldblum's proposed standard for "fundamental miscarriage of justice"—that insufficient evidence existed to support a conviction, Doc. #24, PAGEID #1834—Goldblum would still not be entitled to relief. As the Magistrate Judge noted in the Supplemental Report and

8

## B. Seventh Ground for Relief

In both his Initial and Supplemental Objections, Goldblum emphasizes the prejudice he suffered by the Trial Court's reversal of its decision to sever the trials, and argues that the prejudice was so severe that he was deprived of his right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments. Doc. #24, PAEGID #1836; Doc. #27, PAGEID #1851 (quoting Doc. #7, PAGEID #69-70). Yet, as the Magistrate Judge noted, even if the trials had been severed as to each accuser, all of the alleged victims could have properly testified at each other's trials, as their testimony would have been evidence of Goldblum's common scheme or specific intent. Doc. #16, PAGEID #1817 (citing Ohio Rev. Code § 2945.59; Ohio R. Evid. 404(B)). Further, Goldblum cites no case that stands for the proposition that the Trial Court's decision was contrary to or inconsistent with the Supreme Court's *habeas corpus* jurisprudence, and the Court is unaware of any such case.[3] As Goldblum has failed to show that the decision to allow trial on all counts to proceed simultaneously deprived him of a fair trial, his Seventh Ground for Relief is overruled.

## C. Motion for Evidentiary Hearing

In his Motion for Evidentiary Hearing, Doc. #24, PAGEID #1831, Goldblum does not identify any factual disputes that he thinks could be resolved by such a hearing. Nor

---

Recommendations, direct testimony from the victims was sufficient evidence upon which the Trial Court jury could rely to convict Goldblum of the all thirteen counts on which the jury was charged. As the jury's decisions were not "objectively unreasonable," this Court may not disturb those decisions. Doc. #26, PAGEID #1841 (citing *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S.Ct. 2060, 182 L.Ed.2d 978 (2012) (*per curiam*); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)).

[3] Goldblum argues that the Trial Court had no right to reconsider its earlier ruling to sever the trials. Yet, in his Initial and Supplemental Objections, Goldblum does not cite any caselaw for his argument that that ruling was a final, appealable order. Nor does he possess a constitutional right that would bar the Trial Court from reconsidering an interlocutory order.

9

does he specify the previously-unavailable evidence that would be brought before this Court at such a hearing. Finally, he does not argue that he has been diligent in developing any new evidence that would be presented. Accordingly, Goldblum has not met the statutory threshold for an evidentiary hearing, 28 U.S.C. § 2254(e)(2); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464-65 (6th Cir. 2012); *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011), and Goldblum's Motion for Evidentiary Hearing must be overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS IN FULL the Initial and Supplemental Reports and Recommendations of Magistrate Judge Michael R. Merz, Doc. #16, 26, and OVERRULES Goldblum's Initial and Supplemental Objections thereto. Doc. #24, 27. Goldblum's Motion for Evidentiary Hearing, Doc. #24, is OVERRULED. Goldblum's Petition, Doc. #1, is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of The Warden and against Goldblum. As no reasonable jurist would find that Goldblum "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he is denied a certificate of appealability. This Court certifies to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and, therefore, Goldblum should not be permitted to proceed *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 29, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE